CAROL D. PATUTO, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1963—Decided January 24, 1964.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. Joseph S. Pecora* argued the cause for appellant (*Mr. James Del Mauro,* attorney).

*Mr. Edward A. Kaplan* argued the cause for respondent.

The opinion of the court was delivered by

LEWIS, J. A. D.   Appellant Carol D. Patuto filed a claim for unemployment benefits and established as her base year the period beginning November 5, 1961 and ending November 3, 1962.   During that period she had two employers: (1) she worked full time for the Prudential Insurance Company for 35 base weeks, during which time she earned $3,244.79; (2) she also worked one or two nights a week for the Bloomfield Professional Services (telephone exchange) over a period of 27 base weeks, for which she received compensation totaling $742.   Because of pregnancy, a compensable disability, she was obliged to resign both jobs.   Patuto concluded her work with Prudential on Friday, July 6, 1962, the last regular working day of the week.   That night, she worked for Bloomfield from 10 P. M. until 7 A. M. July 7, 1962, when she terminated her part-time employment.

The deputy of the Division of Employment Security considered Bloomfield to be her most recent base year employer and established her weekly benefits at $17, with maximum total payments of $442.   On review by the Appeal Tribunal,

it was determined that the applicable rate should be computed on the basis of her full-time employment with Prudential, which resulted in a benefit rate of $47 with a maximum total of $1,222. That decision was appealed to the Board of Review, which reversed the Appeal Tribunal by a two-to-one vote. The divergent views of the Board were expressed in majority, concurring and dissenting opinions. Claimant appeals to this court.

In essence, the Board of Review justifies its position by literal adherence to the statutory definition contained in *N. J. S. A.* 43 :21–19 (x), which states :

" 'Most recent base year employer' means that employer with whom the individual most recently, in point of time, performed services in employment in the base year."

*Ergo,* it is argued that claimant, having performed some work subsequent to her last working day with Prudential, is not entitled to a benefit rate computed on the basis of her last full-time employment. We are not persuaded that such an oversimplification of the basic issue and the interpretation applied by the Board harmonize with either the letter or the intendment of our Unemployment Compensation Law.

Numerous authorities are cited and discussed in respondent's brief to support the rudimentary precept that clear and unambiguous language of the Legislature must be construed according to its terms, and that the courts may not broaden the scope of a statute where the legislative intent has been plainly expressed. Particular reliance is placed on *Hancock v. Board of Review,* 46 *N. J. Super.* 418, 421 (*App. Div.* 1957), wherein this court, in dealing with the afore-quoted subsection (x) *inter alia,* said :

"We agree with the statement of the Board of Review that the answer depends upon a careful reading of the highly technical language of the statute and, if the statute be clear, we must follow it regardless of the result. *Alexander Hamilton Hotel Corp. v. Board of Review,* 127 *N. J. L.* 184 (*Sup. Ct.* 1941).

The court's duty is to construe a statute and not to write into it conditions or qualifications. That is a legislative function. *Depart-*

*ment of Labor and Industry v. Rosen,* 44 *N. J. Super.* 42 (*App. Div.* 1957). We are not unmindful of the fact that the beneficent object of this statute is to minimize loss to workers by unemployment compensation benefits. However, we may not accomplish that desired result by extending the application of the statute to factual situations not covered by its provisions. *Texas Co. v. Unemployment Compensation Commission,* 132 *N. J. L.* 362 (*Sup. Ot.* 1945)."

Adeline Hancock had part-time jobs, dividing her time between two corporations. Her employment with one company was terminated on May 2 and with the other on May 4. The latter was held to be her most recent employer in point of time, and the court refused to predicate her weekly benefits upon total earnings from both companies, even though both companies were owned and operated by the same individuals and she had been hired by the controlling stockholders of both.

In the case at bar, Patuto's work for Prudential was on a full-time basis and was her primary job and source of income, while her night work with Bloomfield was merely a side-line supplementary engagement. We refrain from expressing an opinion upon whether this fact alone would permit a conclusion different than that reached in *Hancock,* since we find for Patuto on the grounds hereafter stated. However, we suggest that the apparent inequities in the operation of the statute revealed by *Hancock* and by this case merit consideration by the Legislature.

In the Board of Review's dissenting opinion, it was pointed out that "the record is deficient as to the exact termination of the payroll week for either employer. It is quite conceivable that this particular claimant technically continued to remain in the status of an employed individual with both employers through Sunday, July 7, 1962."[1]

At oral argument, it was suggested to counsel that we be informed as to the commencement and termination date of the payroll week of the two respective employers. Respondent

[1] We note that Sunday was July 8, 1962.

has supplied us with correspondence thereafter received from both employers. Prudential advises:

"The Company's payroll week on which the above claimant [Patuto] was paid for the week in which July 6 is contained began on the prior Monday, July 2, and ends on July 8th (Sunday).

Mrs. Patuto resigned by an instrument dated June 13, 1962 and indicated that resignation was to be effective July 6, 1962."

Bloomfield states: "* * * our week ends on Saturday, [July 7]."

As claimant, who was a full-time employee with Prudential, discharged her work duties for the week of July 2 and was paid for the full week ending Sunday, July 8, that date should be considered in determining her "most recent base year employer." The fact that her resignation coincided with Friday, the last working day of the week, would not in itself alter either the employer's payroll week ending Sunday or the terminal date of a statutory week. *N. J. S. A.* 43:21–19(q) defines a "week" to mean "such period or periods of 7 consecutive days ending at midnight, as the division may by regulation prescribe." Note *DiMicele v. General Motors Corp.,* 51 *N. J. Super.* 167 (*App. Div.* 1958), affirmed 29 *N. J.* 427 (1959).

Under the facts and circumstances here presented, we conclude that claimant is entitled to have her employment benefit rate calculated on the basis of her full-time employment with Prudential.

Reversed and remanded to the Division for its determination of appellant's unemployment benefits consonant with this opinion.